FILED
IN CLERKS OFFICE

2012 APR 23 P 2: 12

DISTRICT COURT
DISTRICT OF MASS.

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $_____$ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court for
    Address
    City, State Zip Code

9. **CAUTION:** **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts | |
|---|---|---|
| Name (under which you were convicted): Aaron Powell | | Docket or Case No.: |
| Place of Confinement: South Bay House of Correction | Prisoner No.: 1105453 | |
| Petitioner (include the name under which you were convicted) Aaron Powell | v. | Respondent (authorized person having custody of petitioner) Andrea Cabral, Sheriff, South Bay House of Correction |
| The Attorney General of the State of Massachusetts | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Boston Municipal Court (Central)
   Edward W. Brooke Courthouse
   24 New Chardon St. Boston, MA 02114

   (b) Criminal docket or case number (if you know): 0801-JC-000865-2 (BMC); 0802-cr-004574 (Roxbury)

2. (a) Date of the judgment of conviction (if you know): 1/30/2009

   (b) Date of sentencing: 1/30/2009

3. Length of sentence: 18 months in House of Correction, probation on and after for 3 years (to 6/26/13).

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Count 1 - possession of firearm/ammunition without an FID card; Count 3 - unlawful possession of a loaded weapon; Count 4 - resisting arrest; Count 5 - carrying firearm without a license

   Note: Petitioner also received a lesser, concurrent sentence of 6 months in the House of Correction on Count 4. On 9/30/11, the Roxbury Division found that the petitioner violated his probation underlying the convictions challenged in this petition. On that same date, he was sentenced to 2 years with 50 days credit in the South Bay House of Correction.

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?
Not Applicable.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury  ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Massachusetts Appeals Court

(b) Docket or case number (if you know): No. 2009-P-1045

(c) Result: The Supreme Judicial Court took the appeal sua sponte on date given below.

(d) Date of result (if you know): 8/24/2010

(e) Citation to the case (if you know): N/A

(f) Grounds raised:
1. The denial of petitioner's motion to suppress was state constitutional error. 2. There was insufficient evidence of resisting arrest. 3. There was insufficient evidence that he lacked a license or registration ("FID") card for the firearm and his motion for a required finding of not guilty should have been allowed on those counts. There was constitutional error in shifting the burden to the defendant to produce evidence that he had a license or registration for the firearm since these were elements of the respective crimes. 4. Trial counsel's failure to move to suppress his statements to a police officer was ineffective assistance. 5. The crimes defined as simple possession or carrying of a firearm violates the Second Amendment. 6. The Massachusetts firearms statutes violate his rights to keep and bear arms and to equal protection, per se and applied, by depriving 18-20 year old adults of the ability to exercise those rights.

(g) Did you seek further review by a higher state court?  ☑ Yes  ☐ No

If yes, answer the following:

(1) Name of court: Massachusetts Supreme Judicial Court

(2) Docket or case number (if you know): No. SJC-1073

(3) Result:
All convictions affirmed; denial of motion to suppress affirmed.

(4) Date of result (if you know): 4/28/2011

       (5) Citation to the case (if you know):    459 Mass. 572 (2011)

       (6) Grounds raised:

          See grounds raised in Question 9(f).

     (h) Did you file a petition for certiorari in the United States Supreme Court?    ☒ Yes   ☐ No

       If yes, answer the following:

       (1) Docket or case number (if you know):    No. 11-6580

       (2) Result:
          Petition denied.

       (3) Date of result (if you know):    3/19/2012

       (4) Citation to the case (if you know):    N/A

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes   ☒ No

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court:

          (2) Docket or case number (if you know):

          (3) Date of filing (if you know):

          (4) Nature of the proceeding:

          (5) Grounds raised:

          (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

          ☐   Yes    ☐   No

          (7) Result:

          (8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☐ Yes    ☐ No

    (2) Second petition: ☐ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Violation of due process rights to the presumption of innocence and not to be convicted except upon proof beyond a reasonable doubt on each and every element of the crimes, by shifting to the petitioner the burden of showing he had a license and registration card for the firearm.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The petitioner was walking down a public sidewalk in Boston at around 11 p.m. when the police approached an intersection in an unmarked car. A large group of people were arguing near the intersection. The petitioner walked by the police car and looked back at the two officers. Based on his hand gestures, the police suspected the petitioner had a firearm and began chasing him. As the petitioner ran away, he pulled out a revolver from his waistband and upon a police order to "drop it," he climbed a fence and dropped the firearm. The police eventually apprehended him. The Commonwealth presented no evidence at trial as to the absence of a firearms license and/or registration card or as to the petitioner's age.

(b) If you did not exhaust your state remedies on Ground One, explain why:

[The petitioner did exhaust his state remedies by raising this ground in the Massachusetts Appeals Court and in the Supreme Judicial Court through my briefs, supplemental memoranda of law and supplemental letters.]

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

%AO 241
(Rev. 10/07)

Page 8

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:
[Not applicable.]

### GROUND TWO:
Trial counsel's failure to move to suppress the petitioner's statements to a police officer while in custody constituted ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The petitioner incorporates all facts stated in Ground One. In addition, he puts forward the following facts: Eventually, the police apprehended the petititoner, handcuffed him and placed him on the curb. An officer asked the petitioner if he had a license for the firearm. There was no evidence the officer gave Miranda warnings before asking this quesiton. The petitioner responded that he did not have a firearm.

(b) If you did not exhaust your state remedies on Ground Two, explain why:
[I did exhaust my state remedies by raising this ground in the Massachusetts Appeals Court and the Supreme Judicial Court through my briefs.]

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
Defining the crimes under the applicable statutes and state cases as simple possession or carrying of a firearm, without more, violates the Second Amendment right to keep and bear arms.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The petitioner incorporates all facts stated in Grounds One and Two. In addition, the petitioner states that the firearm found in his possession was an ordinary handgun.

(b) If you did not exhaust your state remedies on Ground Three, explain why?
[I did exhaust my state remedies by raising this ground in the Massachusetts Appeals Court and the Supreme Judicial Court through my supplemental memoranda and supplemental letters, which were accepted by those courts.]

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　☑ Yes　　☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes　　☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?　　☐ Yes　　☐ No

(4) Did you appeal from the denial of your motion or petition?　　☐ Yes　　☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　　☐ Yes　　☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

[N/A]

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

[N/A]

**GROUND FOUR:**
The Massachusetts firearms statutes violate the 2nd Amendment right to keep and bear arms and the 14th Amendment right to equal protection, per se and as applied, because they ban all 18-20 year old adults from carrying handguns outside the home and ban them from any handgun possession with one narrow exception.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The petitioner incorporates all facts stated in Grounds One, Two and Three. In addition, the petitioner states that there was no evidence at trial of his age. However, for the purposes of this ground, he relies upon the criminal docket, which provides his date of birth as 10/17/1989. He was arrested for these charges on 8/20/08.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

[I did exhaust my state remedies by raising this ground in the Massachusetts Appeals Court and in the Supreme Judicial Court through my briefs, supplemental memoranda and supplemental letters.]

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:
[N/A]

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:
   No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☑ Yes ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

   See Question 9(h). I filed in the United States Supreme Court, No. 11-6580, a petition for writ of certiorari, raising the following issues: 1. The state's punishment of a person for possessing or carrying a firearm without having to prove that person's lack of a license or registration violates the 2nd and 14th Amendments. 2. The Massachusetts firearms statutes violate the Second Amendment right to keep and bear arms and the Fourteenth Amendment right to equal protection by denying 18-year old adults these rights.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:
    At Roxbury Division: Christopher Abreu, Esq. Abreu & Antonio, 253 Locust St., Fall River, MA 02720

    (c) At trial:
    At Boston Municipal Court (Central): Nancy Hurley, Esq., 400 Granite Ave., Milton, MA 02186

    (d) At sentencing:
    Nancy Hurley, Esq., 400 Granite Ave., Milton, MA 02186

    (e) On appeal:
    Kathryn Hayne Barnwell, Esq., Carney & Bassil, 20 Park Plaza, Suite 1405, Boston, MA 02116

    (f) In any post-conviction proceeding:
    Kathryn Hayne Barnwell, Esq., Carney & Bassil, 20 Park Plaza, Suite 1405, Boston, MA 02116

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
    The petition is timely filed.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Order holding that his firearms convictions under Counts 1, 3 and 5 were obtained in violation of the United States Constitution; and order discharging petitioner from custody of the respondent immediately.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

Kathryn Hayne Barnwell
BBO No. 667952

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was ~~placed in the prison mailing system~~ on April 23, 2012 (month, date, year).
Served in hand to
United States District Court for Massachusetts, Clerk's Office

Executed (signed) on 4/20/12 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.