UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON POWELL,

Petitioner

V.

Civil Action No. 12-10744-WGY

ANDREA CABRAL,

Respondent

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO THE
PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Aaron Powell, submits his reply to the Commonwealth's opposition to his petition for writ of habeas corpus. The Commonwealth has not offered sufficient reasons to deny the petitioner habeas relief for the reasons set forth below.

The petitioner maintains that at minimum, his federal constitutional claims that defining the crime as firearm possession alone violates the Second Amendment and prohibiting 18-20 year old adults from carrying ordinary handguns violates the Second and Fourteenth Amendments merit *de novo* treatment. Even under Harrington v. Richter, which held that a state court need not give a statement of reasons in order to adjudicate a claim on its merits, the *de novo* standard applies because the Supreme Judicial Court (SJC) gave no statement at all with respect to the merits of these claims. Harrington v. Richter, 131 S.Ct. 770, 784-785 (2011). A

1

federal court must presume that the state court adjudicated on the merits, but that presumption can be overcome. Id. Here, that presumption is overcome. The petitioner brought multiple claims in his brief and in his incorporated supplemental memorandum of law to the Appeals Court and the SJC. Contrast Harrington, 131 S.Ct. at 784 (where the petitioner brought a *single* claim of ineffective assistance of counsel with several components, presumption justified that the state court ruled on its merits). The SJC decided the due process claim about whether the absence of a license is an element of the crime, but it neglected to consider whether defining the crime as firearms possession alone violates the Second Amendment. The petitioner amply raised the latter claim in his supplemental memorandum of law, submitted in the Appeals Court after McDonald v. City of Chicago, 130 S. Ct. 3020 (2010) was decided. Thus, the cause of the SJC's neglect is either oversight in failing to review his supplemental memorandum of law or a deliberate choice to ignore the claim, leaving it for another day. The SJC never held that the claims raised in his supplemental memorandum of law were waived. Indeed, it could not since the Appeals Court accepted his supplemental memorandum for filing and consideration before the SJC took the appeal *sua sponte*. The SJC did not even give *summary* treatment as to whether this claim did or did not constitute error. Contrast Lyons v. Brady, 666 F.3d 53, 55 (1st Cir. 2012). Its opinion also did not generally refer to other allegations of error, which it found to be meritless. Thus, there was no "adjudication" of his Second Amendment claim.

As to the Second Amendment/Equal Protection claim, the SJC could have decided the merits of this claim, but it chose to decide it on the grounds that the petitioner lacked standing. See ASARCO Inc. v. Kadish, 490 U.S. 605, 624 (1989) (standing does not " 'depen[d] on the merits of [a claim]' "). The SJC did give a general background of the Heller and McDonald decisions and noted in dicta: "We note, however, that *Heller* stands for the proposition that some categorical bans on firearm possession or use are constitutional, including regulations concerning who may possess a right to keep and bear arms." (S.A. 278). However, this language, which does not refer to the age restriction at issue, is no "adjudication" of the claim. At best, it is a skeptical aside.

I. Alternatively, If AEDPA Is Triggered, The SJC's Decision Is Both Contrary To And An Unreasonable Application Of Clearly Established Supreme Court Law.

The Commonwealth suggests that the SJC should be given leeway with respect to his claims because state courts are given greater discretion with "general" rules which require a "substantial amount of judgment." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004), see Resp. Opp. at p. 6. The petitioner's due process claim, however, is not so much a "general" rule as it is a basic, fundamental principle of law. The Commonwealth must prove every element of the crime beyond a reasonable doubt. In Re Winship, 397 U.S. 358 (1970) announced this principle. Tot v. United States, 319 U.S. 463 (1943) and United States v. Romano, 382 U.S. 136 (1965) directed how to distinguish between an affirmative defense and an element of the crime. Finally, in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme

3

Court could not have made this principle any clearer. <u>Apprendi</u> made <u>In Re Winship</u> a specific and powerful directive – a state must prove "every fact that is by law a basis for imposing or increasing punishment." <u>Apprendi</u>, 530 U.S. at 501. There is little judgment involved in a straightforward case like this one. The complaint against the petitioner read: "Firearm Without FID Card, Possess c269, s. 10(h)"; "Firearm, Carry Without License Loaded, s. 10(n)"; and "Firearm, Carry Without License c269 s. 10(a)." Therefore, the Commonwealth was required to prove the complained charge of possession of a firearm without a FID card and the complained charges of carrying a firearm without a license. <u>Apprendi</u>, 530 U.S. at 499-500. Recasting the charged elements of the crime as an affirmative defense is simply not a "balance" that the legislature can strike. <u>See</u> Resp. Opp. at p. 9 and <u>Patterson v. New York</u>, 432 U.S. 197, 210 (1977). Since the SJC has nevertheless chosen to define the crime as possession of a firearm alone, then it must recognize that such a crime violates the Second Amendment, which protects possession of a firearm as a fundamental right. The SJC cannot have it both ways.

The SJC also cannot have it both ways when it comes to the intersection of standing to bring a Second Amendment claim and the elements of the firearms offense. There is no reasonable way to reconcile with the fact that the SJC has declared that a criminal defendant's failure to obtain a firearms license or registration card is the actual violation of law. (S.A. 278). Yet the Commonwealth does not need to prove that fact at trial. (S.A. 273). The defendant's loss of standing

is thus predicated upon an essential fact that the Commonwealth carries no burden to prove.

II. <u>The Petition Is Subject To No Procedural Default Or Any Independent And Adequate State Law Ground</u>.

The SJC announced a new so-called procedural rule when it held that a criminal defendant lacks standing to bring a Second Amendment/Equal Protection challenge against the firearms statutes if that defendant does not affirmatively show that he or she applied for a firearms license. To reach this holding, it did not rely upon any other Massachusetts cases, statutes or rules. Nor does the Commonwealth cite to any Massachusetts Rule of Criminal Procedure or statutory directive that would have barred consideration of this claim prior to the <u>Powell</u> decision. "We have not allowed state courts to bar review of federal claims by invoking new procedural rules without adequate notice to litigatnts who, in asserting their federal rights, have in good faith complied with existing procedural law." <u>NAACP v. Alabama ex rel. Patterson</u>, 357 U.S. 449, 457-58 (1958). The SJC relied upon a 2011 *Maryland* case, signaling that this was a new development in Massachusetts law. There is no showing that the petitioner would have been on notice that his failure to obtain a firearms license would thereafter deprive him of all ability to challenge the age restriction, which precluded him from obtaining the license in the first place.[1] As a result, the SJC identified no adequate state ground to deny federal habeas relief.

---

[1] The Commonwealth cites to no procedural rule or authority pre-dating the <u>Powell</u> opinion that required the petitioner to show under the doctrine of futility "that he would have been denied a firearms license based on his age alone." Resp. Opp. at p. 14, n. 3. It has taken the

5

In any event, any such rule cannot be considered "independent" from the federal constitutional question because standing necessarily invokes Article III of the United States Constitution. "[T]he requirement that a claimant have 'standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'" Davis v. Federal Election Com'n, 554 U.S. 724, 733 (2008), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Since there is no clear statement in Powell to the contrary, the SJC must have believed that its decision on standing complied not only with a Maryland case but with Article III.

> [W]hen, as in this case, a state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so.

Michigan v. Long, 463 U.S. 1032, 1040-41 (1983). For all the reasons stated in his memorandum of law, the SJC's ruling on standing is contrary to clearly established Supreme Court law. See Pet. Memo at pp. 22-25.

III. Even If There Is Procedural Default Regarding His Second Amendment/Equal Protection Claim, The Petitioner Has Demonstrated Both Cause And Prejudice.

"To excuse a procedural default, a petitioner's cause must relate to an objective factor, external to the defense, that thwarted (or at least substantially obstructed) the efforts of the defendant or his counsel to obey the state's procedural

---

illogical position that the Chief of Police would have ignored this automatic disqualification set by the legislature and instead of denying the application outright, would have inquired as to any other reasons he might be denied a license. The Commonwealth also represented to the Court at sentencing that the petitioner had no criminal record before his arrest in this case. (Tr. 125-26).

6

rule." Burks v. DuBois, 55 F.3d 712, 716-717 (1st Cir. 1995). The petitioner has identified the cause for any purported procedural default because any application for a firearms license would have been futile as he had not yet reached 21 years of age – a legislative requirement with no exceptions. See Pet. Memo at pp. 22-24. In Gordon, upon which the Commonwealth relies, the defendant made no claim that any application for a license would have been futile. Commonwealth v. Gordon, 354 Mass. 722, 724-25 (1968). Despite the absence of that showing, the SJC defaulted the defendant's claim only with regard to the as-applied challenge. The SJC did not default his facial constitutional challenge and considered it on its merits. "But in a prosecution for violation of a licensing statute which is unconstitutional on its face, the issue of its validity is presented even in the absence of an application for a license." Gordon, 354 Mass. at 725, citing Smith v. Cahoon, 283 U.S. 553, 562 (1931). The petitioner here raised both a facial and an as-applied challenge, (see S.A. 9), and thus, was at least entitled to merits consideration of the facial attack.

The prejudice is that there is a reasonable probability that he would have been entitled to a dismissal of the criminal complaint on the grounds that the age restriction in the firearms statutes violated the right to keep and bear arms as well as to equal protection. See Lynch v. Ficco, 438 F.3d 35, 49-50 (1st Cir. 2006) (defining "prejudice" as equivalent to the prejudice showing required for ineffective assistance claims), but see United States v. Frady, 456 U.S. 152, 168 (1982) (recognizing that it has still given no "precise content" to prejudice outside the context of failure to object). There is no basis under any level of scrutiny to exclude

18 year old adults from equally exercising their Second Amendment rights since courts have consistently drawn the line at 18 years as the age that an individual attains full adulthood and independence. See Pet. Memo at pp. 28-31.

## Conclusion:

For the foregoing reasons and the reasons stated in his memorandum of law, this Court should order that the petitioner's convictions were unconstitutionally obtained and order the petitioner's release immediately.

Respectfully Submitted,
AARON POWELL
By his attorney,

*/s/ K. Hayne Barnwell*
K. Hayne Barnwell
BBO No. 667952
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566
kbarnwell@carneybassil.com

Dated: September 14, 2012

## CERTIFICATE OF SERVICE

      I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including AAG Susanne Reardon, counsel for the respondent in this matter. There are no non-registered participants involved in this case.

                                          */s/ K. Hayne Barnwell*
                                          K. Hayne Barnwell